■ ALVARO E. TORRES, as Administrator of the Estates of PAUL TORRES and Others, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 60080.)—Judgment unanimously affirmed without costs for reasons stated at Court of Claims, McMahon, J. (Appeal from judgment of Court of Claims, McMahon, J.—negligence.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.

■ ROBERT BOASBERG, Doing Business as BUFFALO INDUSTRIAL PARK, Appellant, v WEYERHAEUSER COMPANY, Respondent.—Order unanimously modified on the law by denying defendant's motion for summary judgment, and as modified affirmed with costs to plaintiff, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Special Term erred by concluding that paragraph eight of the lease agreement was drafted by plaintiff. The affidavit of plaintiff's former partner, who had firsthand knowledge of the lease negotiations, states that this paragraph was drafted by defendant's attorneys. Defendant's present counsel states in his affidavit that the paragraph was drafted by plaintiff and thus any ambiguity should be construed against him. Since present counsel does not claim firsthand knowledge of the lease negotiations, his affidavit is not sufficient to raise a factual issue (see, Zuckerman v City of New York, 49 NY2d 557, 563; David Graubart, Inc. v Bank Leumi Trust Co., 48 NY2d 554, 559). Although this paragraph was amended by plaintiff, the language which is critical to a resolution of this dispute was not altered and any ambiguity must be construed against defendant.

In May 1985 the subject property was damaged by fire. Paragraph eight of the lease, which sets forth the obligation of the tenant in case of fire, provides for different measures of damages depending on the extent of the damage to the premises. Whether the fire so extensively damaged the premises as to require new construction of substantially all of the facilities is a factual issue that cannot be resolved on conflicting affidavits. The matter is remitted so the motion court can consider plaintiff's application for a trial preference. (Appeal from order of Supreme Court, Erie County, Flaherty, J.—summary judgment.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.